IN THE UNITED STATES DISCTRICT COURT

FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| SARGENT ELECTRIC COMPANY,<br><br>                  Plaintiff,<br><br>v.<br><br><br><br>BECHTEL INFRASTRUCTURE AND POWER<br>CORPORATION and REED & REED, INC.,<br>                  Defendants. | ELECTRONICALLY FILED<br>1/3/2023<br>U.S. DISTRICT COURT<br>Northern District of WV<br><br>COMPLAINT<br><br>CIVIL ACTION NO.  3:23-cv-1 Groh |

**COMPLAINT**

    Plaintiff, SARGENT ELECTRIC COMPANY, files this action by and through its legal counsel, Gene W. Bailey, II and Hendrickson and Long, PLLC against Defendants, BECHTEL INFRASTRUCTION AND POWER CORPORATION and REED & REED, INC., to recover damages as follows.

**PARTIES**

1. Plaintiff, Sargent Electric Company ("Sargent" or "Plaintiff") is a corporation organized under the laws of the Commonwealth of Pennsylvania, authorized to conduct business in the State of West Virginia, and licensed as a contractor in the State of West Virginia, with its principal office located at 2740 Smallman Street, Allegheny Pittsburgh, PA. 15222.

2. Defendant, Bechtel Infrastructure and Power Corporation ("Bechtel"), is a corporation organized under the laws of the State of Delaware with its principal office located at 12011 Sunset Hills Road, Reston, Virginia. 20190.

3. Defendant, Reed & Reed, Inc. ("Reed & Reed"), is a corporation organized under the laws of the State of Maine, with its principal office located at 275 River Road, Woolwich, Maine

1

04579. (Bechtel and Reed & Reed are referred to collectively herein as "Bechtel-Reed" or "Defendants").

## JURISDICTION AND VENUE

4. The Court has jurisdiction pursuant to 23 U.S.C. § 1332 as this action involves a matter in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs and is between citizens of different states.
5. Venue is proper in this Court because the services and labor were provided by Sargent to Bechtel-Reed in Mineral County, West Virginia and Grant County, West Virginia.

## FACTUAL ALLEGATIONS

6. Sargent restates and fully incorporates each and every allegation contained in the above paragraphs as if fully set forth herein.
7. Sargent entered into an agreement with Defendants dated January 29, 2021 (the "Black Rock Subcontract") for construction of the electrical scope of work on the Black Rock Wind Power Project (the "Black Rock Project") owned by Black Rock Wind Force LLC ("Owner"). (A true and correct copy of the Black Rock Subcontract is attached hereto, incorporated herein by reference and identified as Exhibit "A").
8. Sargent performed all services and provided labor to Bechtel-Reed as described in the Black Rock Subcontract.
9. Bechtel-Reed agreed to pay Sargent for the services rendered and labor provided in connection with the construction of the Black Rock Project.
10. This is an action to collect sums due and owing for the unpaid balances of the Black Rock Subcontract and for the additional costs incurred by Sargent due to extended overhead costs incurred by Sargent because of Bechtel-Reed's late performance of their Work.
11. The Project was beset with impacts and disruptions from the start of construction, none of which were the fault of Sargent.
12. Sargent's scope of work as provided for in the Black Rock Subcontract was scheduled to commence on June 16, 2021, and to be completed by August 30, 2021.
13. Bechtel-Reed, however, was unable to erect the Towers in time to support Sargent's critical Tower Wiring activity.

14. Sargent provided numerous communications to Bechtel-Reed regarding these delays and disruptions, including formal written delay notices to Bechtel-Reed on July 1, 2021, July 30, 2021, and September 24, 2021 (See copies attached hereto, incorporated herein by reference and collectively identified as Exhibit "B").

15. Bechtel-Reed recognized and acknowledged its delays and agreed on August 4, 2021, to issue Change Order No. 11 to Sargent for Tower Wiring Acceleration in the amount of $390,000.00 (A copy of Change Order 11 is attached, incorporated herein by reference and identified as Exhibit "C").

16. However, Bechtel-Reed was unable to accelerate its erection of the wind towers to support the tower wiring acceleration provided for in Change Order No. 11, and subsequently suspended Sargent from continuing to accelerate its work.

17. Instead of Sargent's work on the tower wiring being accelerated, the Project was delayed for an additional 24 weeks, during which Sargent continued to incur general conditions costs. Consequently, Sargent submitted COR 31, R3 for extended general conditions in the total amount of $361,601.65 (see copy of COR 31 attached hereto, incorporated herein by reference and identified as Exhibit "D").

18. Sargent was not responsible for any of the delays to the Collector Systems on the Project.

19. Sargent could not complete its Collector System scope until the Towers were erected and deemed mechanically safe for entry.

20. Once the Towers were erected and deemed mechanically safe for entry, Sargent promptly completed the Collection System Wiring for each of the Towers.

21. Since Sargent was not responsible for any of the delays to Bechtel-Reed's Tower erection or for the delay of the ultimate substantial completion of the overall Project, Sargent is entitled to the full extended general conditions amount of $361,601.65.

## COUNT I

## BREACH OF CONTRACT

22. Sargent restates and fully incorporates the allegations contained in the above paragraphs as if fully set forth herein.

23. Sargent and Bechtel-Reed entered into a valid Subcontract as described above and that Subcontract has been fully performed and completed by Sargent.
24. Sargent has invoiced Bechtel-Reed $10,149,815.00 for the work performed by Sargent and accepted by Bechtel-Reed on the Black Rock Project.
25. Bechtel Reed has paid Sargent $8,514,508.00 for the work performed by Sargent and accepted by Bechtel-Reed on the Black Rock Project.
26. On August 15, 2022, Sargent entered into a Joint Settlement and Release Agreement with Bechtel-Reed and Reed, Joint Venture ("Settlement Agreement"). (A true and correct copy of this Settlement Agreement is attached hereto, incorporated herein by reference and identified as Exhibit "E").
27. Pursuant to the Settlement Agreement, Bechtel-Reed paid Sargent an additional $744,976.00 on the Black Rock Project, there was an agreement reached whereby the overall contract amount was reduced by $107,963.22 and Bechtel-Reed acknowledged that the remaining contract balance due to Sargent was $782,368.00 (See Exhibit "E," Paragraph F).
28. Bechtel-Reed has failed and refused to pay Sargent the sums due and owing under the Black Rock Subcontract of $782,368.00.
29. Bechtel-Reed has materially breached the Subcontract with Sargent; whereby, Sargent has been damaged and demands judgment as set forth below.

## COUNT II

## BREACH OF CONTRACT

30. Bechtel-Reed was late in performing its work on the Project in material breach of the Subcontract.
31. Bechtel-Reed's late work needed to be performed in order for Sargent to perform its work.
32. As a direct and proximate result of Bechtel-Reed's breach of contract, Sargent necessarily incurred extended general conditions costs which damaged Sargent in an amount estimated at this time to be $361,000.00.

## COUNT III

### **BREACH OF CONTRACT (SPECIFIC PERFORMANCE)**

33. Sargent restates and fully incorporates the allegations contained in the above paragraphs as if fully set forth herein.
34. Sargent has fully performed all its obligations under the terms of the Settlement Agreement.
35. Pursuant to Paragraph F of the Settlement Agreement, Bechtel-Reed agreed to place Sargent's contract balance of $782,368.00 in an escrow account (See Exhibit "E").
36. Bechtel-Reed is able to perform its contractual obligations under the Settlement Agreement, but in breach of the Settlement Agreement, Bechtel-Reed has not placed any money into an escrow account.
37. Despite demand being made, Bechtel-Reed has failed and refused to place the agreed upon sum into an escrow account; which is a breach of the Settlement Agreement.

## COUNT IV

### **UNJUST ENRICHMENT**

38. Sargent restates and fully incorporates the allegations contained in the above paragraphs as if fully set forth herein.
39. Bechtel-Reed has accepted and benefitted from the services and labor provided by Sargent and has utilized those services and labor without full compensation to Sargent. Therefore, Bechtel-Reed has been bettered and enriched at the expense of Sargent.
40. Bechtel-Reed was unjustly enriched under circumstances in which it is inequitable for Defendants to retain the benefits without payment of value to Sargent.
41. Bechtel-Reed has been unjustly enriched at the expense of Sargent in the principal sum of $1,143,969.65, because Bechtel-Reed has not paid Sargent or anyone else for the services and labor provided by Sargent, and that sum is considered quantum meruit and the fair value of those services and labor.
42. Sargent demands judgment against Bechtel-Reed, jointly and severally, in the amount of $1,143,969.65, plus pre- and post-judgment interest as permitted by applicable law.

43. Sargent demands recovery from Bechtel-Reed of its reasonable attorneys' fees, costs and expenses incurred by Sargent as provided for in its Agreement with Bechtel-Reed (See Exhibit "A" Paragraph 11.6).

## PRAYER FOR RELIEF

**WHEREFORE,** Sargent demands judgment as follows:

A. That Bechtel-Reed be immediately ordered to place $782,368.00 into an escrow account as provided for in the Settlement Agreement.

B. Judgment, jointly and severally, against Bechtel Infrastructure and Power Corporation and Reed & Reed, Inc. in the full amount of $1,143,969.65, plus pre-judgment and post-judgment interest thereon at the full legal rate and Sargent's reasonable attorneys' fees, costs and expenses; and

C. For such other relief as the Court may deem just and proper.

Sargent Electric

By Counsel

Date: December 30, 2022

/s/ Gene W. Bailey, II
Gene W. Bailey, II (#203)
HENDRICKSON & LONG, PLLC
214 Capitol Street
PO Box 11070
Charleston, WV 25339
304.346.5500 (telephone)
304-346-5515 (facsimile)
gbailey@handl.com